## CHARLES COFFIN vs. BENJAMIN T. CHASE.*

The seventh section of the *statute* of 1829, *ch.* 445, respecting Sheriffs, was prospective in its operation; and did not apply to deputies then in office.

THIS was an action of trespass on the case brought against the defendant for acting as a deputy sheriff, when he was not such in fact, in the extent of an execution upon land of the plaintiff in June, 1829. The facts in the case were ageed by the parties, from which it appeared, that on the 20th of *July*, 1826, the defendant was duly appointed, commissioned and qualified to act as a deputy sheriff within and for the County of *York*, in which County, the land levied on was situated ; that the sheriff by whom he was appointed remained in office until after the levy, and that the appointment of the defendant had never been revoked or annulled by the sheriff; but that the commission of the defendant, as a deputy, had not been recorded in the clerk's office under the provisions of the *statute* of *March* 5, 1829, *ch.* 445, § 7.

If, in the opinion of the Court, the defendant had ceased to be a deputy sheriff when the levy was made, because his commission had not been recorded ; and if the plaintiff was entitled to maintain the action ; then damages were to be assessed, otherwise the plaintiff was to become nonsuit.

*Daveis*, for the plaintiff, argued that the statute referred to was peremptory in requiring the commissions of all deputy sheriffs to be recorded, and that in its letter and spirit it applied to those then in office, as well as to those who might be afterwards appointed. The statute is for the public benefit, and should be construed liberally. The people surely ought to have the means of knowing who the persons are exercising so much power over their property, and even liberty. The terms of the statute are so comprehensive, as necessarily to embrace this case. All statutes are to be obeyed from the time they become law. *Brig Ann*, 1 *Gall.* 62 ; 1 *Kent's Com.* 454.

The plaintiff asks only for a sound exposition, of the statute, without a resort to the exceedingly unsafe rule of construction,

* EMERY Judge, was engaged in criminal trials, and did not sit at the hearing of this and the following case.

that the legislature could not have intended the statute to operate according to the natural import of its language, merely because the law might not be generally known. They once passed a statute of limitation barring all actions on gaol bonds after five days from its passage, and before it was known to be a law by any, save the Governour.

The defendant being an officer *de facto*, the levy is good; and the plaintiff therefore is compelled to resort to this action to obtain redress for the injury he has sustained.

*D. Goodenow*, for the defendant.

The action cannot be maintained, because the defendant was an officer *de jure*, as well as *de facto*. The language of that section of the statute relates only to appointments to be made, and discharges to be given, and not to then existing deputies or gaolers. But if the language of the first part of the section did apply to all cases, it must be considered as directory only, as to those then in office; for the provision, that the appointments shall not be valid until the commission is recorded, necessarily excludes all such as are already acting under valid commissions. The legislature never could have intended, that every deputy and gaoler should be turned out of office without their having the means of knowing or suspecting it, and be subjected to severe penalties without any ground of suspicion, that they were acting illegally.

But the plaintiff has not been injured, and therefore cannot maintain this action. If the levy be void, the land remains *Coffin's*, and he has suffered nothing. If it be good, then it has gone to pay his debt, of which an honest man should not complain.

The action was continued *nisi*, and the opinion of the Court afterwards drawn up by

WESTON C. J. — We are of opinion, that the seventh section of the additional act respecting sheriffs, *statute* of 1829, *ch.* 445, was prospective in its operation. If held to be retrospective, the effect of it would be to revive the authority of deputies, who had been previously discharged, but whose discharge had not been recorded, and to put the whole existing deputation out of office,

until their appointments were recorded; and thus to leave them without protection for official acts done, before they could be apprized of the existence of the law. This we think the legislature could not have intended. We are accordingly of opinion, that the defendant had the authority, the exercise of which is complained of in this action. He has therefore no occasion to press his motion to dismiss the action, for the want of a new indorser.

*Plaintiff nonsuit.*